**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASTLEPOINT NATIONAL
INSURANCE COMPANY,

        Plaintiff,

vs.                                    Case No. 6:11-cv-215-ORL-37KRS

INTERCOASTAL CONSTRUCTION,
CO. *et al.,*

        Defendants.

_____

**ORDER**

    This cause is before the Court on the parties' Joint Motion to Stay this Action in its Entirety ("Motion").  (Doc. No. 45.)  The parties request this Court enter a stay of the proceedings through September 28, 2012.  (*Id.* at p. 1.)  They represent that "counsel for the [p]arties have consulted with one another regarding the anticipated participation of Levitan and Makarchuk in the global MDL settlement, and agree that their participation is likely to obviate the need for CastlePoint to continue prosecuting this action relating to coverage for the Levitan Florida Lawsuit."  (*Id.* at ¶ 5.)

    "In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Peach State Labs, Inc. v. Envtl. Mfg. Solutions, LLC*, No. 6:09-cv-395,  2012 WL 503839, at *3 (M.D. Fla. Jan. 13, 2012)(citations omitted).  After consideration of these factors, the Court finds a stay is appropriate.  First, there is not a "non-moving party" who will be "unduly prejudice[d]" by

a stay. *See id.* The parties jointly filed the Motion. (Doc. No. 45.) Next, "Levitan and Makarchuk['s] . . . anticipated participation in the MDL global settlement" may lead the dismissal of this action in its entirety. (*See id.* at ¶ 10.) Finally, the imposition of a stay will "promote conservation of the [p]arties' time, money, and resources [because] the remaining discovery and motion practice . . . may be entirely avoided as a result of the [MDL global] settlement." (*Id.* at ¶ 6.) In other words, a stay may relieve the parties and the Court of all of the "burdens" associated with litigation. *See Envtl. Mfg. Solutions*, 2012 WL 503839, at *3.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1) The Joint Motion to Stay this Action in its Entirety (Doc. No. 45) is **GRANTED**.

2) The parties shall file with the Court a status report on or before October 1, 2012, informing it of the parties' decision regarding the MDL global settlement and how any such decision will impact the progress of this case.

3) Either party may move to lift the stay upon further application to the Court.

4) If the parties reach a settlement at any point before October 1, 2012, they shall promptly file a notice with the Court in accordance with the applicable Local Rules and/or Federal Rules of Civil Procedure.

5) The clerk is directed to terminate all pending deadlines.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 27, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record